UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL NO. 22-CR-00019-REW                           *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                                PLAINTIFF

VS.                          SENTENCING MEMORANDUM

GARY D. WARICK                                                           DEFENDANT

** ** ** ** ** ** ** ** **

The Defendant, Gary D. Warick, by counsel, respectfully submits this Memorandum to assist the Court in fashioning a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a).

## I. INTRODUCTION

The Defendant stands before this Court convicted by a jury of four drug offenses: (1) conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846; (2) distribution of methamphetamine on April 26, 2022, in violation of 21 U.S.C. § 841(a)(1); (3) distribution of methamphetamine on May 3, 2022, in violation of 21 U.S.C. § 841(a)(1); and (4) possession with intent to distribute methamphetamine on May 4, 2022, in violation of 21 U.S.C. § 841(a)(1). The United States filed a Notice under 21 U.S.C. § 851 seeking to enhance the mandatory minimum penalty to a term of not less than 10 years. [See DE 9].

This case has had a unique – and tortured – path through the United States District Court. Despite his conviction by the jury, Defendant maintains that he was not trafficking narcotics, and was unlawfully entrapped by law enforcement. Based on the totality of

circumstances, the Court should not impose a sentence of imprisonment greater than 120 months – which is the mandatory minimum term under 21 U.S.C. § 841(b)(1)(B).

## II. SENTENCING STANDARD

In imposing an appropriate sentence, the guidelines are the "starting point and the initial benchmark. The guidelines are not the only consideration, however." *Gall v. United States*, 552 U.S. 38, 49 (2007). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to determine whether they support the sentence requested by a party. In doing so, [the Court] may not presume that the guideline range is reasonable," and must "make an individualized assessment based on the facts presented." Id. at 49-50 (internal citations omitted). As noted by the Sixth Circuit in *United States v. Grossman*, 513 F.3d 592, 596 (6th Cir. 2008), "the sentencing processes involves an exercise in judgment, not a mathematical proof." *Grossman* approved the now- familiar process a district court must employ in sentencing: "properly calculate the guideline's range, treat the guidelines as advisory, consider the § 3553(a) factors and adequately explain the chosen sentence." Id. at 595 (citing *Gall*, 128 S.Ct. at 597).

## III. GUIDELINE CALCULATION

In the Presentence Investigation Report ("PIR"), the United States Probation Office ("USPO") started with a base offense level of 24 pursuant to U.S.S.G. § 2D1.1(c)(8). (PIR, ¶ 19). Two (2) levels were added by the USPO for obstruction of justice pursuant to U.S.S.G. § 3C1.1.[1] (PIR, ¶ 23). Defendant did not receive any reduction for acceptance of responsibility, resulting in a total offense level of 26. (PIR ¶ 27). Warick was assessed 7 criminal history points, placing him in criminal history category IV. (PIR ¶¶ 47, 48). Based on a final offense

---

[1] Defendant has objected to this 2-level enhancement for the reasons set out in his PIR Objections filed with the Court. (See DE 245, Exhibit A).

level of 26, and a criminal history category of IV, Defendant's guideline imprisonment range is 92 to 115 months.  However, since the statutory authorized minimum sentence is greater than the maximum of the applicable guideline range, the guideline term of imprisonment becomes 120 months pursuant to U.S.S.G. § 5G1.2(b).  (PIR ¶ 71).

### IV.  DISCUSSION OF § 3553(a) FACTORS

In undertaking its analysis, the Court considers: (1) the nature of the offense and history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment; (3) the kinds of sentences available; (4) the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted disparities among similar offenders; and (7) the need to provide restitution to victims.  (18 U.S.C. § 3553(a)).

#### A.  The Nature and Circumstances of the Offense

Defendant Warick's conduct of conviction is described in the PIR in ¶¶ 7-12.  To summarize, between April 2022 and May 4, 2022, Defendant Warick conspired with others to distribute 50 grams or more of a methamphetamine mixture.  The jury found that Warick distributed methamphetamine on April 26 and May 3, 2022, and possessed methamphetamine with intent distribute it on May 4, 2022.  The PIR details the distribution transaction which occurred on April 26, 2022 with CS 1, wherein a sale of methamphetamine occurred totaling 28.097 grams. (PIR ¶ 9).  It further details the drug transaction on May 3, 2022, wherein CS 1 purchased 27.735 grams and 27.745 grams of methamphetamine obtained from Lee Setzer (Defendant's alleged co-conspirator).  (PIR ¶ 10).  Finally, the report notes that a search of

3

Warick's residence on May 4, 2022 resulted in the seizure of additional methamphetamine and drug paraphernalia. (PIR ¶ 12).

Warick contested these issues at trial, and persists in his belief that he was unlawfully entrapped to enter into these transactions and was wrongly prevented from calling CS 1 as a witness at trial in order to confirm what he believes to be necessary entrapment facts.

### B. History and Characteristics of the Defendant

Gary Warick is a 58-year-old man, born in Walton, Florida, who has resided most of his life in Eastern Kentucky. The PIR reflects that the Defendant was reticent to talk about his childhood other than to characterize it as "fine." He has no marital history nor has he fathered any children. (PIR ¶ 59). Although the date is unknown to counsel, Warick was very close to his mother who died shortly before the events leading to this Indictment. He has shared that he was grieving her death during this period in April and May, 2022. Defendant has two sisters that also live in Eastern Kentucky who are supportive of him. *Id.*

Although the Defendant has only minor health issues (knee problems), it is obvious that he has a significant problem with substance use disorder. He has acknowledged using substantial quantities of methamphetamine – and other illicit narcotics – during the period of time relevant to the Indictment. (PIR ¶ 63). Warick's substance abuse disorder was clearly a contributing factor to the crimes found by the jury. A recommendation for the RDAP program is therefore sought to address his substance use disorder. Treatment of that disorder will assist the Defendant in exercising proper judgment and help protect the public from potential future crimes by the Defendant.

Defendant has worked for most of his adult life. Although there is a dearth of detail in the PIR, he has worked in the construction industry and other labor type employment most of his

life. Defendant denies any mental health issues, however counsel submits that a mental health assessment of the Defendant would be beneficial and may reveal issues to be dealt with upon Defendant's release from incarceration.

Although Warick has significant previous contact with the criminal justice system, most of his criminal convictions garnering points are dated. The trafficking in controlled substance offense – which serves as the predicate offense for the enhanced statutory punishment here – dates back to 2009. (PIR ¶ 42). Defendant has only minimal criminal convictions since 2013, with convictions for DUI and disorderly conduct. (PIR ¶¶ 44-45).

### C. Seriousness of the Offense, Promoting Respect for Law, Just Punishment and Protection of the Public

All narcotic distribution offenses prosecuted in federal court are serious. The seriousness of such offenses is largely derived from the damage to substance abusers, their families, and the community as a whole caused by such offenses. This presupposes that the narcotics trafficker is engaged in distribution which *actually reaches* the public. Although the quantity of narcotics involved in Warick's underlying crimes is significant, it appears that none of the transactions resulted, or could have resulted, in drugs reaching the community.

The transactions involved here – on April 26 and May 3, 2022 – were controlled purchases that had no possibility of reaching any drug users. The limited duration of Warick's activities is also noted. It is beyond dispute that Gary Warick was a serious narcotic *user* and such transactions only facilitated his own substance use disorder. It is frequently a short distance from narcotics user to narcotics distributor in order to support the underlying habit.

There is, moreover, no evidence that was presented at trial that shows independent, non-controlled drug trafficking by the Defendant. He insists he was not doing so. Warick was not on law enforcement's radar, and no investigation of him for drug trafficking was being conducted

5

prior to the release of CS 1 from jail. While this does not alleviate Defendant's accountability for his unlawful conduct as found by the jury, there is at least some element of mitigation in these facts.

The prison sentence required here is a 10-year mandatory minimum term, which is greater than the otherwise applicable guideline range. Given Mr. Warick's age, a sentence of 120 months, would keep him in prison until he is close to 65 years old. Recidivism is dramatically reduced at such an age. Thus, imposition of the mandatory minimum penalty would adequately reflect the seriousness of the offense, promote respect for the law and constitute a just punishment.

At its core, this case is about an unrepentant drug user who was targeted by law enforcement and ultimately engaged in distribution. As drug traffickers go, Warick is a relatively small fish. He certainly did not have the kind of ongoing, repetitive, profit-generating drug organization counsel has seen in many other cases. In light of that fact, a sentence above the mandatory minimum term would be unnecessarily punitive.

## V. CONCLUSION

For these reasons, a sentence of 120 months imprisonment – which the Court is required to impose – is sufficient, but not greater than necessary, to meet the sentencing objectives of 18 U.S.C. § 3553(a).

                                      Respectfully submitted,

                                      /s/ Thomas C. Lyons
                                      THOMAS C. LYONS, ESQ.
                                      Law Offices of Thomas C. Lyons
                                      201 West Short Street, Suite 820
                                      Lexington, Kentucky 40507
                                      859-231-0055
                                      thomaslyons@hotmail.com
                                      *Counsel for Defendant, Gary Warick*

## CERTIFICATE OF SERVICE

      This is to certify that a true copy of the foregoing Sentencing Memorandum has been served on November 7, 2024 by filing same via the CM/ECF System, which will send electronic notice to all counsel of record.

                                         /s/ Thomas C. Lyons
                                         THOMAS C. LYONS, ESQ.

Cc:  Gary Warick