UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:22-CR-019-REW

UNITED STATES OF AMERICA                                     PLAINTIFF

V.                   **MEMORANDUM ADDRESSING**
                   **UNRESOLVED GUIDELINE OBJECTIONS**

GARY D. WARICK                                        DEFENDANT

* * * * *

Pursuant to the directives of the Court's Sentencing Order, the United States submits to the Court this Memorandum addressing the Defendant's unresolved objections to the Presentence Investigation Report ("PSR") that affect the guideline calculations. As discussed in more detail below, it is the position of the United States that the PSR is correct and the guideline range contained therein is properly calculated.

      I.      *Objection #2 (adjustment for obstruction of justice)*

Warick objects to the application of a two-level adjustment applied for obstruction of justice contained in the presentence investigation report at paragraph 23. The United States Sentencing Guidelines dictate that,

> "If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstruction conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by two levels."

U.S.S.G. §3C1.1. Application note 4 of §3C1.1 provides a non-exhaustive list of examples of conduct to which the obstruction adjustment applies, including "committing, suborning, or attempting to suborn perjury, including during the course of a civil proceeding if such perjury pertains to conduct that forms the basis of the offense of conviction." U.S.S.G. §3C1.1 n. 4(B). In the final presentence investigation report, the probation officer applies the §3C1.1 obstruction enhancement as a result of Warick's false testimony regarding whether or not the substances at issue in this case were methamphetamine. *See* Addendum to the Presentence Report at p. 24. Specifically, on cross-examination, Warick was asked, "So you're saying that the drugs, in fact, weren't methamphetamine?" Warick responded. "I am saying I believe that, in fact, that they weren't methamphetamine."

The presentence report correctly applies the two-level enhancement pursuant to §3C1.1, as Warick's testimony that the substances were not methamphetamine was material and a willful attempt to obstruct justice. Though Warick asserts that he believed, at the time of the controlled purchases, the substances were "junk dope" or fake narcotics, at the time of his testimony, he knew better. Prior to Warick's testimony, he had heard the testimony of the lab analyst who confirmed the substances were methamphetamine. Prior to trial, Warick also placed a recorded jail phone call to his cousin, in which he espoused knowledge that his own independent testing of the substances confirmed they were "100% pure meth." Armed with this knowledge, Warick still testified that the drugs were not methamphetamine, a material fact at issue in the case.

Though Warick now contends that his statements were an argument and not a statement of fact, that assertion makes little sense. Warick was testifying under oath and—

2

subject to cross examination—provided a false answer to a direct question. Warick's statements regarding the substances may have been related to his theory of the case, but in that setting they were testimony, not argument. The obstruction enhancement is appropriate in this instance.

    II.    *Objection #4 (enhanced penalty)*

Warick objects to the mandatory minimum term of imprisonment of ten years and the use of his prior conviction. Warick offers little in the way of support for this objection outside of what he has previously filed. The undersigned filed a response [R. 205] to Warick's prior objection to his enhanced penalty under 21 U.S.C. § 851 [R. 187]. Warick stands convicted of violating 21 U.S.C. §§ 846 and 841(a)(1). The latter specifically requires that, in cases involving 50 grams or more of a mixture or substance containing methamphetamine, an offender ". . . shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years. . . " 21 U.S.C. § 841(b)(1)(B). The statute goes on to state that, "If any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years and not more than life imprisonment . . ." Id. If the government seeks to enhance a defendant's sentence based upon one or more of his prior convictions, 21 U.S.C § 851 requires the government to file an information to notify the defendant of its intention. 21 U.S.C. § 851(a)(1). The United States filed an information on November 2, 2022, notifying Warick of its intention to seek an enhanced statutory penalty. [R. 9 – Notice Regarding Enhanced Statutory Punishment].

3

While Warick offers no substantive objection now, he previously tried to challenge the validity of the conviction on which the United States relied for the purpose of enhancing his sentence. For the reasons outlined in the government's response [R. 205], Warick's challenge is time barred. 21 U.S.C. § 851 clearly outlines the temporal perimeters in which a defendant can challenge the validity of a conviction, and Warick's challenge is well beyond those perimeters. To the extent Warick relies on his prior arguments to support his new claim that the ten-year mandatory minimum should not apply, his objection should be denied.

## CONCLUSION

For the aforementioned reasons, and those to be further discussed at the sentencing hearing, it is the position of the United States that Gary Warick's presentence report is correct and his guideline range is appropriately calculated. In order to comply with the Court's order [R. 244], at sentencing the United States will call the following witness to substantiate the posture regarding the two items listed in the order:

1. Detective Bradford Martin, Kentucky State Police

                          Respectfully submitted,

                          CARLTON S. SHIER, IV
                          UNITED STATES ATTORNEY

                          By: s/ Justin E. Blankenship
                          Justin E. Blankenship
                          Assistant United States Attorney
                          601 Meyers Baker Rd., Suite 200
                          London, KY 40741
                          (606) 864-5523
                          Justin.blankenship2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to all counsel of record.

                                          s/ *Justin E. Blankenship*
                                          Assistant United States Attorney